UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAREY KING LLOYD, | § | |
| Plaintiff, | § | |
| | § | Civil Action No.: |
| vs. | § | |
| | § | |
| DOUBLE OAK EROSION, INC., | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Carey King Lloyd (hereinafter referred to as "Plaintiff"), and complains of Defendant Double Oak Erosion, Inc. (hereinafter referred to as "Defendant"), and for causes of action would show the Court as follows:

### I.
### Introduction

1. This is an action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and pre-judgement and post-judgment interest for Defendant's willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff in the course of his employment with the Defendant.

3. Plaintiff demands a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

### II.
### Jurisdiction and Venue

5. Plaintiff brings this action to recover unpaid overtime compensation from the

Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(b) and (c)(2) because the district has personal jurisdiction over Defendant, and Defendant resides in this district.

### III.
### Parties

8. Plaintiff, Carey King Lloyd, is a resident of Harris County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing his duties for Defendant.

9. Defendant Double Oak Erosion, Inc. is a validly existing Texas corporation and may be served with summons and complaint by serving its registered agent, James J. Winter, 10302 Chelshurts Way Court, Spring, Texas 77379 or at any other address where it may be found or in any other manner authorized by law. Defendant Double Oak Erosion, Inc. is an entity engaged in interstate commerce or in the production of goods for interstate commerce as an employer.

10. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## Facts

11.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

12.     At all times relevant to this action, Defendant has been subject to the requirements of the FLSA.

13.     For purposes of this action related to violations of the FLSA the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

14.     At all material times, the Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d)

15.     At all material times, the Defendant has been an enterprise within the meaning of the FLSA.  29 U.S.C. § 203(r).

16.     At all material times, the Defendant has been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA because it had employees engaged in interstate commerce and it engaged in activities that constitute being engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

17.     At all material times, Plaintiff was an employee who was engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207.

18.     Defendant's annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the instant complaint.

19.     During each of the three years preceding the filing of the instant complaint,

Defendant has had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

20. Defendant set the hours of the Plaintiff.

21. Defendant is involved in setting company policies of the business.

22. Defendant hired, disciplined and set the schedule of the Plaintiff.

23. Defendant assigned job duties to Plaintiff.

24. Defendant has the authority to set pay rates of the employees of Defendant.

25. Defendant has the authority to direct and supervise the work of employees of Defendant.

26. Defendant has the authority to make decisions regarding employee compensation.

27. Defendant has the authority to sign on such business' checking accounts, including payroll accounts.

28. Defendant has employed Plaintiff Carey King Lloyd as a Driver and Laborer from on or about February 2020 until the present.

29. As a Driver and Laborer, Plaintiff has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it, but Defendant paid Plaintiff a set daily rate regardless of the number of hours worked.

30. Plaintiff did not use independent judgment and discretion with respect to matters of significance.

31. Plaintiff averaged over forty (40) hours per week during his employment with the Defendant. In fact, Plaintiff routinely worked sixty-six to sevety-two (66 -72) hours or more each week.

32. Defendant compensated Plaintiff at the same daily rate for all hours worked, including hours worked over (40) in a workweek.

33. Defendant did not provide proper overtime compensation for all of the hours Plaintiff worked over forty (40) in a workweek.

34. Specifically, Defendant did not pay Plaintiff time and a half of his regular rate of pay for hours worked over forty (40) in a workweek.

35. Defendant knew or should have known that the job duties of a Driver and Laborer required Plaintiff to work in excess of forty hours per week, yet Defendant failed and refused to compensate Plaintiff for his work as required by the FLSA.

36. At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

37. Plaintiff is a non-exempt employee.

38. Plaintiff's primary job duty is non-office work.

39. Plaintiff did not have the authority to hire, fire, discipline or promote employees.

40. Plaintiff did not train employees.

41. Plaintiff did not have the authority to set or adjust pay rates for employees.

42. Plaintiff did not have the authority to decide other employees' work schedules.

43. Plaintiff did not have the authority to evaluate and/or review other employees' work performances.

44. Plaintiff did not customarily and regularly direct the work of two or more full time employees.

45. During his hours worked for Defendant, Plaintiff performed the function of his job, which includes the performance of duties typically performed by "hourly" paid non-exempt

employees because the job required it, and the Defendant's management demanded it.

46. Defendant knew about the requirements to pay overtime but intentionally chose not to follow them. Consequently, Defendant's actions constitute willfulness under the law.

## V.
## Claim for Relief
### (Unpaid overtime compensation under the FLSA)

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

48. Plaintiff is considered a non-exempt employee.

49. Plaintiff is entitled to receive overtime pay for all hours he has worked in excess of forty (40) hours during each seven-day workweek.

50. During his employment with the Defendant, Plaintiff routinely worked more than forty (40) hours a week.

51. Defendant did not pay Plaintiff his entitled pay (including overtime pay) for those hours he worked in excess of forty (40) hours per week.

52. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff "overtime" pay for all hours worked in excess of forty (40) hours per week.

53. Defendant has not made a good faith effort to comply with the FLSA, and has thus violated the requirements of the federal statute.

54. Defendant has failed to maintain a complete, accurate and contemporaneous record of the number of hours Plaintiff worked during each workweek of his employment with the Defendant.

55. Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

56. No exemption excused the Defendant from paying Plaintiff overtime pay for hours

worked over forty (40) hours per week.

57. Rather, Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Plaintiff.

58. Plaintiff seeks an amount of back-pay equal to the unpaid overtime compensation owed to Plaintiff.

59. Plaintiff also seeks an additional equal amount as liquidated damages, and reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with pre-judgment and post-judgment interest at the highest rate allowed by law.

## VI.
## Attorney's Fees

60. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

61. Plaintiff is entitled to recover attorney's fees and costs for prosecuting this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## VII.
## Jury Demand

62. Plaintiff makes a formal demand for a jury trial in this matter.

## VIII.
## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Carey King Lloyd respectfully requests that upon final hearing, the Court grant his relief as follows:

a. Declare that Defendant has violated the Fair Labor Standards Act, specifically 29 U.S.C. §§ 206, 207 and/or 215, by failing to pay Plaintiff overtime pay at one and one-half times his regular hourly rate for all hours in excess of forty (40) hours worked during each seven-day work period.

b. Order Defendant to pay Plaintiff the difference between (i) what Defendant should have paid Plaintiff for all hours worked, including overtime hours worked during the relevant period, and (ii) what Plaintiff was actually paid for those hours worked.

c. Order Defendant to pay an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

d. Order Defendant to pay Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendant to pay pre-judgment and post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendant.

f. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

Respectfully submitted,

**GARCIA-MARTIN & MARTIN, P.C.**

By:____/s/ Lionel Martin_____
Lionel Martin
Federal Bar No. 31342
Texas State Bar No. 24037032
Lmartin@mgmartinlaw.com

10701 Corporate Drive
Suite 350
Stafford, Texas 77477
Tel: (281) 277-3066
Fax: (281) 277-3067

**ATTORNEY-IN-CHARGE**
**FOR PLAINTIFF**

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal Bar No. 38613
Texas State Bar No. 24039035
Mmartin@mgmartinlaw.com

10701 Corporate Drive
Suite 350
Stafford, Texas 77477
Tel:  (281) 277-3066
Fax: (281) 277-3067